UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ELIZABETH A. ROBERTS, )
)
    Plaintiff, )
)
v. ) Case No. CIV-14-352-F
)
)
VINCENT ST. JOHN and SAFECO )
INSURANCE COMPANY OF AMERICA, )
)
    Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Safeco Insurance Company of America ("Defendant Safeco") hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this removal, Defendant states as follows:

1.    On April 30, 2013, Plaintiff Elizabeth Roberts ("Plaintiff") commenced an action in the District Court of Oklahoma County, Oklahoma, entitled *Roberts v. St. John and Safeco Insurance Company of America*, as Case No. CJ-2012-1051 (the "State Court Action"). A true copy of the state court docket

sheet is attached as Exhibit 1. All process, pleadings, and orders served in the State Court Action are attached hereto as Exhibits 2.

2. According to the First Amended Petition, Plaintiff is a resident of Oklahoma County, Oklahoma. Defendant Safeco is a company organized under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts.

3. Defendant Safeco respectfully submits that, for the purposes of diversity jurisdiction, Defendant St. John's citizenship should be disregarded. While Defendant St. John resides in Oklahoma County, Oklahoma, the record evidence demonstrates that his continued joinder, or fraudulent retention, in this action serves only to frustrate federal jurisdiction. *See Wagoner v. Hussey Seating Co.*, 2013 U.S. Dist. LEXIS 157238, *11 (N.D. Okla. Nov. 1, 2013).

4. The evidence in the record demonstrates that Plaintiff has delayed acceptance of settlement with the express intention to prevent Defendant Safeco from removing the action to federal court. *See Forth v. Diversey Corp.*, 2013 U.S. Dist. LEXIS 165315, *2 (W.D.N.Y. Oct. 23, 2013) ("the circumstantial evidence of plaintiffs' bad faith in delaying the dismissal . . . is quite compelling"). Indeed, Plaintiff admitted in her deposition on March 11, 2014 that she has not accepted

the settlement offer from Defendant St. John in order to prevent Defendant Safeco from removing the action to federal court. (*See* Deposition of Plaintiff, March 11, 2014, pp. 24-25, 37, attached as Exhibit 3). Plaintiff further admitted that it is her express intention to avoid federal court. (*Id.*) Additionally, Plaintiff testified that she does not intend to seek more than the amount offered in settlement by Defendant St. John. (*Id.* at pp. 37-38). Plaintiff has not taken any meaningful action to prosecute her claim against Defendant St. John since his carrier's offer to Plaintiff to settle the claim against him for policy limits. *See Lawson v. Parker Hannifin Corp.*, 2014 U.S. Dist. LEXIS 37085 (N.D. Tex. March 20, 2014).

5. In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within thirty (30) days of Plaintiff's deposition on March 11, 2014, at which time it became apparent to Defendant Safeco that Plaintiff is no longer pursuing her claims against Defendant St. John, and at which time Plaintiff has admitted she will accept Defendant St. John's settled offer once Defendant Safeco cannot remove the case to federal court. *See Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324, 1328 (N.D. Okla. 2003) (instructing that removal within the one year

limitation and making fraudulent joinder argument to federal district court is an acceptable procedure to eliminate jurisdictional gamesmanship).

6. The Western District of Oklahoma includes the state judicial district in which Plaintiff filed her Petition.

7. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

8. The First Amended Petition asserts a cause of action for breach of an insurance contract and breach of good faith and fair dealing in the handling of a claim on an insurance policy. The amount in controversy for each cause of action exceeds $75,000, exclusive of interest and costs. (*See* First Amended Petition, ¶¶ 12, 29 and Prayer for Relief).

9. Contemporaneous with Defendant Safeco's filing of this Notice, Defendant Safeco will serve written notice to Plaintiff's counsel of the filing, as required by 28 U.S.C. §1446(d).

10.  Defendant Safeco shall likewise file a true and correct copy of its Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma, as required by 28 U.S.C. §1446(d).

## CONCLUSION

Defendant Safeco Insurance Company of America respectfully requests that the State Court Action be removed from the District Court for Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma, and proceed as an action properly removed thereto.

Respectfully submitted,

_____
William W. O'Connor, OBA No. 13200
Lindy H. Collins, OBA No. 30579
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile
boconnor@newtonoconnor.com
lcollins@newtonoconnor.com

**ATTORNEYS FOR DEFENDANT, SAFECO INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2014, a true and correct copy of the forgoing was delivered via U.S. Mail, postage prepaid, to:

Simone Gosnell Fulmer
J. Revell Parrish
WHITTEN BURRAGE
1215 Classen Drive
Oklahoma City, OK 73103

James E. Dunn
JAMES DUNN & ASSOCIATES, PLLC
1138 N. Robinson Ave.
Oklahoma City, OK 73103

**ATTORNEYS FOR PLAINTIFF,
ELIZABETH A. ROBERTS**

David H. Cole
Nevin R. Kirkland
EDMONDS COLE LAW FIRM
7 S. Mickey Mantle Drive, 2nd Floor
Oklahoma City, OK 76104-2458

**ATTORNEYS FOR DEFENDANT,
VINCENT ST. JOHN**

/s/ William W. O'Connor
William W. O'Connor